Isidro Báez, Appellant, *v.* The Registrar of Property of San Juan, Respondent.

No. 1295. Submitted April 22, 1953.—Decided April 24, 1953.

*Carlos D. Vázquez* for appellant.    The Registrar did not appear.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In a suit brought in the Superior Court of Puerto Rico, San Juan Part, judgment was rendered which in part ordered the plaintiff to pay the defendant the sum of $100 for attorney's fees, and legal expenses. The court issued an order of attachment directing the Registrar of Property of San Juan, to record in the books of the Registry the attachment of plaintiff's property to guarantee the payment of $150 to the defendant for the above mentioned costs and attorney's fees.

The Registrar refused to record on the following grounds:

"Record of this document is denied because the attachment has been ordered for a greater sum than the amount of the judgment in this case, whereupon a cautionary notice for 120 days is entered in favor of Isidro Báez . . . with the defect that the personal circumstances of the litigants are not expressed."

There is no controversy in respect to the $100 fixed for attorney's fees. The real question refers to the fact that the writ of attachment is made for $150, that is, for an additional sum of $50 for costs, which sum is not specified in the judgment. Actually, what the Superior Court of San Juan did was to make a previous estimate in respect to the sum that might be subsequently fixed for costs and this previous estimate was made for the purpose of recording an attachment before the question of costs were definitively determined.

Paragraph 6, Article 126 of the Regulations for the Execution of the Mortgage Law reads as follows:

"Article 126.—Cautionary notices shall contain the following details, according as the cases may be:

"..............................................

"Sixth: If it should be made under a writ of attachment or sequestration, or in execution of a final judgment, such fact shall be stated, showing the amount which it is sought to secure and the full name of the person who may have obtained the writ in his favor, and of the person against whom it may have issued."

This Court has long decided that pursuant to § 126 already mentioned a writ of attachment of real property should express the estimated amount for costs, the failure of expressing such a particular in the writ being a curable defect. *Parra* v. *Registrar*, 1 *D.P.R.* 343; 2 *D.P.R.* 595. The Superior Court acted correctly in declaring valid defendant's right to record an attachment by virtue of the judgment, not only as to the amount fixed as atttorney's fees, but also as to his right to a certain amount still undetermined, for legal costs. Furthermore, the Registrar acted in excess of his authority in refusing to record the attachment. It is the duty of the Registrar, upon classifying a judgment, to determine not only the jurisdictional question, but also whether the judgment is valid; but he may not pass upon the intrinsic grounds of a judgment nor substitute his notions for that of the court as to its findings of fact. *Bermúdez* v. *Registrar*, *ante*, p. 141; *Rosado* v. *Registrar*, 71 P.R.R. 516, 520; *Wilcox* v. *Registrar*, 67 P.R.R. 445. The Registrar must accept as correct and sufficient a final judgment rendered by a court if the latter had jurisdiction of the subject matter and the procedure followed was as prescribed by law, and the Registrar can not substitute his judgment of the facts for that of the court. *Wilcox* v. *Registrar*, *supra; Herrero* v. *Registrar*, 63 P.R.R. 681, 685;

*Valiente* v. *Registrar*, 63 P.R.R. 143; *Heirs of Trías* v. *Registrar*, 59 P.R.R. 462.

In this case the court established a criterion as to the estimated amount of costs for the purpose of securing the effectiveness of the judgment in order to enforce defendant's right to said costs and attorney's fees. The criterion established by the court had to be accepted by the Registrar.

For the reasons stated the decision of the Registrar will be reversed.